UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| CHRISTIANA TRUST, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | No. 3:19-CV-00677 (VLB) |
| v. | : | |
| | : | |
| CARLOS GARCIA and FANNY | : | July 12, 2019 |
| GARCIA, | : | |
| Defendants. | : | |

# MEMORANDUM OF DECISION
## ON PLAINTIFF'S MOTION TO REMAND TO STATE COURT [DKT. 8]

### Background

This case was originally filed by the Plaintiff Christiana Trust in Connecticut Superior Court and is a mortgage foreclosure action. Plaintiff filed its complaint and summons on July 8, 2016 and filed a return of service the same day. The complaint has not been amended. The Superior Court entered a Judgment of Strict Foreclosure on November 6, 2017. [Dkt. 117.02]. After a great deal of motion practice, the Court set the foreclosure sale date for May 4, 2019. [Dkt. 152.01]. Two days prior to the sale date, on May 2, 2019, Defendant Fanny Garcia moved to open and vacate the Court's Judgment. [Dkt. 164.00]. The next day, May 3, 2019, Garcia moved to dismiss the case from the Connecticut Superior Court due to "lack of

1

subject matter jurisdiction," [Dkt. 166.00], while simultaneously removing the case to this Court. [Dkt. 1].[1]

## Analysis

### Federal Court Jurisdiction Generally

Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. *See Willy v. Coastal Corp.*, 503 U.S. 131, 135 (1992) (affirming remand of removed case when diversity and federal question subject matter jurisdiction was lacking and noting that "federal courts . . . [are] not free to extend or restrict their jurisdiction conferred by a statute . . . [or] the Constitution"); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (vacating court of appeals judgment for want of subject matter jurisdiction and stating that "[f]ederal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.") (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 173-80 (1803)). A court presumes it does not have jurisdiction and the party seeking to invoke the court's jurisdiction bears the burden of establishing jurisdiction exists. *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) (reversing lower court judgment when diversity subject matter jurisdiction not proven and noting that "the fair presumption is (not as with regard to a Court of general jurisdiction, that a cause is within its jurisdiction unless the contrary appears, but

---

[1] Connecticut Superior Court docket numbers are always in the "hundreds" with a period and two digits after the period, making them readily distinguishable from federal court docket numbers, which are always whole numbers.

rather) that a cause is without its jurisdiction till the contrary appears."); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182–183 (1936) (reversing case when party asserting diversity jurisdiction did not allege adequate amount in controversy and noting that "[i]t is incumbent upon the [party asserting adequate subject matter jurisdiction] properly to allege the jurisdictional facts, according to the nature of the case."); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). Courts may not expand their jurisdiction. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17 (1951) ("The jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation . . . ."). Defendant invokes this Court's jurisdiction asserting federal question jurisdiction and diversity jurisdiction.

### The Removal is Untimely

The Court first addresses the untimeliness of removal. 28 U.S.C. 1446(b) requires a case to be removed within 30 days of one of two triggering events. This case was filed three years ago, and it is untimely under either scenario. In addition, Defendant claims the time was tolled, but there is no legal or factual basis asserted by Defendant to justify the claim that the removal period is tolled. On the record before the Court the removal is untimely.

### Defendant Cannot Remove the Case on the Basis of Diversity

The Court would not have jurisdiction even if Defendant removed the case timely. "A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Because both defendants are citizens of Connecticut, the state in which the Plaintiff brought the action, the action is not removable on the basis of diversity jurisdiction.

### There is no Federal Question Jurisdiction

Defendant also claims the Court has federal question jurisdiction. As an initial matter, to effectuate a removal, the defendant must file a short and plain statement of the grounds for removal, which shall be signed pursuant to Federal Rule of Civil Procedure 11. 28 U.S.C. § 1446(a). Plaintiff's statement is neither short nor plain and consists of a compilation of incomprehensible legal concisions devoid of factual support. Defendant's rambling recitation of allegations and legal principles does not establish this court has jurisdiction. *Younger v. Harris*, 401 U.S. 37, 42 (1971) (holding that allegations of putative plaintiffs who argued only "imaginary or speculative" causes of action insufficient "to bring the equitable jurisdiction of the federal courts into play . . . ."); 28 U.S.C. § 1441(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 592-93 (2005) (noting that the "sole issue" that matters for federal question subject matter jurisdiction "is whether a

federal question appears on the face of the plaintiff's well-pleaded complaint; . . .") (Ginsburg, J., dissenting); 28 U.S.C. § 1446(b).

The Court can only surmise Defendant's assertion of federal question jurisdiction rests on the assertion that the Plaintiff submitted a false statement concerning its attempt to communicate with Plaintiff concerning the federal Homeowners Assistance ("HAP") program. Federal question jurisdiction exists when the cause of action arises under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Whether a claim "arises under" federal law is determined by the "well-pleaded complaint" doctrine. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Thus, it is the allegations of a complaint and not a defense that raises a federal question which confers federal question jurisdiction. *See id.* ("A defense that raises a federal question is inadequate to confer federal jurisdiction.").

### It Appears One Defendant Does Not Consent to Removal

Finally, there are two defendants in this case, both Connecticut residents. Only one defendant, moving *pro se,* removed this case. Both bear the same surname and given the apparent nature of the suit it appears they may be related. As they are appear to be related, it is logical to believe the non-consenting defendant is aware of the removing defendant's actions. Thus, the Court suspects one Defendant may not consent to the removal and is unprepared to prosecute his defense *pro se* in federal court. Because "all defendants who have been properly

joined and served must join in or consent to the removal of the action," 28 U.S.C. § 1446(b)(2)(A), this case must be remanded.

### The *Rooker-Feldman Doctrine*

Even if the case was removable, the Court still appears to lack jurisdiction because the state case went to judgment in November of 2017. Thus, removal is precluded by the *Rooker-Feldman* doctrine, which establishes federal district courts lack jurisdiction over matters which are essentially appeals of state court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005) ("Federal district courts . . . are empowered to exercise original, not appellate jurisdiction . . . [and cases] review[ing] and reversing[ing] unfavorable state court judgments [are] out of bounds, i.e., properly dismissed for want of subject matter jurisdiction.").

### Conclusion

For all of the above reasons, this court must remand the case. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). For this reason, Plaintiff's Motion to Remand this case to state Court is GRANTED.

                              IT IS SO ORDERED

                              /s/

                              Hon. Vanessa L. Bryant
                              United States District Judge

Dated at Hartford, Connecticut: July 12, 2019